Orlando ALSTON, Appellant,

v.

UNITED STATES, Appellee.

No. 3444.

District of Columbia Court of Appeals.

Submitted April 13, 1964.

Decided July 31, 1964.

He admitted being convicted of petit larceny after an arrest on February 17, 1936. As the Government's attorney began to question the defendant about his past convictions, he started to make use of the photostatic copies of defendant's police record for this purpose. · Defense counsel objected that the jury could see the record, which was rather thick. The court admonished the Government's counsel to keep the record concealed. The Government's counsel complied, and thereafter questioned him concerning his convictions without reference to the photostatic copies of his record."

The photostatic copy of the police record, included in the record on appeal, consists of nine pages, showing that appellant had been arrested 77 times, had paid fines or forfeited collateral 18 times, and had received jail sentences 12 times. In a number of instances the charges against him had either been dismisssed or nolle prossed.

Appellant does not, and cannot, complain that on cross-examination he was questioned regarding his prior convictions for the purpose of affecting his credibility.[1] His argument is that the use by the prosecuting attorney of the "voluminous, many paged, familiar looking police document" enabled the jury to see that it contained many entries, and may well have conveyed to the jury that appellant was a man of criminal tendencies, capable of committing the crime charged.

The photostatic record admittedly was large and contained many entries which could not have been used against appellant, and it would have been better practice to have kept it from the view of the jury. However, we fail to see that its use under the circumstances above described constituted prejudicial error. There is nothing in the record to show that any of the jurors saw any of the entries or knew there was more than one entry on each page, or even

---

John A. Shorter, Jr., Washington, D. C., and Barbara A. Walker, for appellant.

David C. Acheson, U. S. Atty., Frank Q. Nebeker, Robert G. Miller and Anthony A. Lapham, Asst. U. S. Attys., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellant was found guilty by a jury of an assault and on this appeal assigns but one error. He asserts that his right to a fair and impartial trial was prejudiced by the Assistant United States Attorney's improper handling and use of appellant's police record. This claim is based upon an occurrence during appellant's cross-examination. According to the statement of proceedings and evidence, this is what occurred:

"Defendant was asked about prior convictions for impeachment purposes.

---

1. Code 1961, § 14–305.

recognized that the several pages constituted a police record. When defendant's counsel objected, the court ordered that the record be concealed and Government counsel promptly complied with the order. Evidently defendant's counsel believed at the time that this action cured any error, for no motion for a mistrial was made. We find no error affecting substantial rights of appellant.

Affirmed.